IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-00445-PAB-KLM

ZVELO, INC., a Delaware corporation,

    Plaintiff,

v.

SONICWALL, INC., a California corporation,

    Defendant.
_____

# ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on **Plaintiff zvelo, Inc.'s Expedited Motion for Leave to Amend Complaint to Assert Related Patent and to Amend Scheduling Order in a Patent Case** [Docket No. 106; Filed June 15, 2012] (the "Motion"). Defendant submitted a Response in opposition to the Motion on July 2, 2012 [#111], and Plaintiff filed a Reply on July 9, 2012 [#113]. The Motion is ripe and referred to this Court for disposition [#107]. For the reasons stated below, the Court **GRANTS IN PART** Plaintiff's Motion.

**I.    Background**

Plaintiff initiated this case on March 13, 2006. [#1]. A case management schedule was entered, and the case proceeded until February 12, 2007, when Judge Babcock granted Defendant's request that the matter be stayed pending resolution of *inter partes* reexamination proceedings before the United States Patent and Trademark Office ("PTO"). *See* [## 58, 67]. The case was subsequently reassigned to Judge Brimmer, who entered an order administratively closing the case on December 17, 2008. [#75]. On September

9, 2011, Plaintiff filed an unopposed motion to reopen the case, which was granted on November 8, 2011. [## 77, 79].

The Complaint filed on March 13, 2006 is the operative pleading. *See* [#1]. Plaintiff brings claims of infringement, induced infringement, and contributory infringement against Defendant arising from United States Patent No. 6,961,773, entitled System and Method for Managing Application Service Providers (the "'773 Patent"), which is owned by Plaintiff. *See id.* In the Motion at issue, Plaintiff asks the Court for leave to file a First Amended Complaint, which, if entered, would add a second patent to the infringement allegations. *See* [#106-1]. The second patent, United States Patent No. 8,180,909, entitled "Managed Services Platform" (the "'909 Patent"), is a continuation of the '773 Patent, incorporates the '773 Patent by reference, and shares the same termination date. *See* [#106-3] at 15; [#106] at 2.

Defendant opposes Plaintiff's request for leave to amend on three grounds. [#111]. First, Defendant contends that it would be unduly prejudiced by entry of an amended complaint due to the delayed resolution of the case and increased discovery obligations. *Id.* at 5-8. Second, Defendant asserts that Plaintiff was not diligent in bringing this request, as it was aware that the '909 Patent was pending at the time that the case was reopened and at the time of the Scheduling Conference, but did not raise the issue until nearly two months after the PTO issued a Notice of Allowance. *Id.* at 10-11. Finally, Defendant suggests that the amendment would be futile, because the proposed amendment does not identify any of Defendant's products with specificity, and would therefore not withstand a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). *Id.* at 12-14.

## II.   Analysis

As a preliminary matter, the Court must usually first determine whether the movant has filed its motion for leave to amend within the deadline prescribed by the Scheduling Order, and if not, whether the movant established good cause for its failure to timely do so.[1] If good cause is shown, the Court then considers any arguments raised by the parties related to whether justice would be served by amendment. Specifically, the Court should grant leave to amend "freely . . . when justice so requires." Fed. R. Civ. P. 15(a)(2). Leave to amend need not be given, however, when the moving party unduly delayed, failed to amend despite ample opportunity to do so, the nonmoving party would be unduly prejudiced, or amendment would be futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Here, the Court omits the first step of the analysis, because the Scheduling Order in a Patent Case entered in this matter does not provide a deadline for amendment of

---

[1] Although the Tenth Circuit has not explicitly adopted this test related to amendment of pleadings generally, it this Court's practice, and indeed the practice of other judges in this District, to resolve untimely motions to amend first by considering the Rule 16(b)(4) good cause standard as a threshold issue. *See Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1205 n.4 (10th Cir. 2006) (explaining that the Court of Appeals "adopted a similar interpretation of Rule 16(b)([4])'s 'good cause' requirement in the context of counterclaims asserted after the [pleading amendment] deadline" (citation omitted)). *See also, e.g., Colo. Visionary Acad. v. Medtronic, Inc.*, 194 F.R.D. 684, 688 (D. Colo. 2000) (denying an untimely motion to amend solely on the basis of a failure to establish "good cause" within the meaning of Rule 16(b)(4)); *Nicastle v. Adams County Sheriff's Office*, No. 10-cv-00816-REB-KMT, 2011 WL 1465586, at *3 (D. Colo. Mar. 14, 2011), *adopted by* 2011 WL1464588 (Apr. 18, 2011) (unpublished decisions) ("Because the Court finds no good cause to amend the scheduling order, [it] will not address whether leave to amend is appropriate under Rule 15."); *see also Schneider v. City of Grand Junction, Colo.*, No. 10-cv-01719-MSK-KLM, slip op. (D. Colo. Apr. 25, 2011) [Docket No. 77], *adopted by* slip op. (July 12, 2011) [Docket No. 87] (unpublished decisions) (reviewing untimely motion to amend only as to good cause standard pursuant to Rule 16(b)(4)). Simply, if good cause is not shown, the Court is not required to consider whether Rule 15(a) excuses that failure. *First City Bank, N.A. v. Air Capitol Aircraft Sales, Inc.*, 820 F.2d 1127, 1132 (10th Cir. 1987) ("We hold that a district court acts within the bounds of its discretion when it denies leave to amend for 'untimeliness' or 'undue delay.'").

pleadings generally.[2]  The Court thus proceeds to the second step of the analysis, *i.e.*, whether Plaintiff has satisfied the requirements of Rule 15(a). *Nicastle*, 2011 WL 1465586, at *3.

The Court has discretion to grant a party leave to amend its pleadings. *Foman*, 371 U.S. at 182; *see* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires."). "In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc. – the leave sought should, as the rules require, be 'freely given.'" *Id.* (quoting Fed. R. Civ. P. 15(a)(2)). "The non-moving party bears the burden of showing that the proposed amendment is sought in bad faith, that it is futile, or that it would cause substantial prejudice, undue delay or injustice." *Corporate Stock Transfer, Inc. v. AE Biofuels, Inc.*, 663 F. Supp. 2d 1056, 1061 (D. Colo. 2009) (citations omitted). The Court addresses each of Defendant's arguments, in turn.

### A.    Prejudice and Delay

As mentioned above, Defendant contends that it would be unduly prejudiced by entry of an amended complaint due to the resulting increased discovery obligations and delayed resolution of the case. [#111] at 5-8. Defendant repeatedly emphasizes the age of this matter ("six years"), and avers that amendment would cause further delay of the resolution of the lawsuit. *Id.* at 5. Defendant states that "a substantial amount of discovery

---

[2] The Scheduling Order establishes a deadline to amend pleadings regarding willful infringement or inequitable conduct, as well as a deadline to amend claim charts and prior art statements, which are both set at October 31, 2012, or 30 days after the issuance of a claim construction order, whichever is later. [#90] at 8.

is needed on the new patent claims," and further burdening the discovery process would be inefficient and inconvenient. *Id.* at 7-8.

In Reply, Plaintiff counters that Defendant will not be prejudiced by the addition of the second patent, because Defendant has adequate time to prepare its defenses to the amended claims as discovery does not close for seven months. [#113] at 2. Regarding the extended duration of the lawsuit, Plaintiff points out that the case was stayed (then administratively closed) at Defendant's request, and the matter has been "actively pending for approximately 18 months" in total. *Id.* at 3 (emphasis omitted). Plaintiff reiterates that judicial economy would best be served by amendment, because the '773 and '909 Patents are substantially similar, claim the same invention, and would be more efficiently tried in the same lawsuit, rather than separate proceedings. *Id.* at 4.

The Court agrees with Plaintiff. Although Defendant contends that Plaintiff may simply file another lawsuit regarding the '909 Patent, this assertion belies Defendant's position that judicial economy would not be served by allowing amendment. Plaintiff could indeed file another lawsuit, which would (and should) likely then be consolidated with the lawsuit at issue. *See Giuffre v. Marys Lake Lodge, LLC*, Case No. 11-cv-00028-PAB-KLM, 2012 WL 1395502 (D. Colo. Apr. 23, 2012) (recognizing method and effect of case consolidation). The Court would then have to adjudicate two parallel lawsuits rather than a single proceeding.

The Court further finds compelling Plaintiff's identification of another contradiction in Defendant's argument. *See* [#113] at 5. On one hand, Defendant suggests that the patents are sufficiently dissimilar to require separate lawsuits, but on the other, Defendant believes that resolution of one lawsuit would help in resolving the remaining suit. *See*

[#111] at 9 ("resolution of the parties' dispute related to the current patent might as well resolve those issues in any subsequent case involving related patents, or at least narrow the ones that must be tried").  Again, the Court sees no reason why judicial economy is better served by the litigation of two parallel lawsuits in the same court, when permitting leave to amend would allow resolution of the parties' related disputes in one case.

Defendant cites to *Ameritek, Inc. v. Carolina Lasercut Corp.*, 891 F. Supp. 254 (M.D.N.C. 1994) in support of its position.  However, *Ameritek* is distinguishable from this case.  In *Ameritek*, the court denied the plaintiff's motion to amend its complaint to add a second patent that was a continuation of the patent at issue.  The court noted that substantial discovery had occurred in the case, and trial was set four and a half months from the date of the order.  Thus, the court found that the defendant would be prejudiced, because the claims of the two patents were too distinct, and "[f]orcing [Defendant] to defend a newly added claim for infringement of the [patent at issue] when less than five months remain before trial would be unduly prejudicial." 891 F. Supp. at 256.  Here, no trial date is set, and discovery is not scheduled to close until February 2013.  *See* [#89].

Additionally, Defendant's delay argument based on the long-term duration of this lawsuit is unavailing.  It is true that the lawsuit was filed in 2006, but the matter was stayed at Defendant's request pending the PTO's reexamination of the patent at issue.  Thus, although the lawsuit has been ongoing for years, it has only been actively litigated for months.  Defendant still has time, even in the present schedule, to prepare a defense to both related patents at issue.  Review of the two patents attached to the proposed First Amended Complaint, in addition to the facts that the PTO classified the '909 patent as a continuation of the '773 patent, assigned it the same termination date, and incorporated by

6

reference the content of the '773 patent within the '909 patent, demonstrates to the Court that any prejudice to Defendant by permitting amendment would be minimal, and in any event, judicial efficiency is best served by granting leave to amend.

### B.     Diligence

Defendant asserts that Plaintiff was not diligent in bringing its request for leave to amend, as it was aware that the '909 Patent was pending at the time that the case was reopened and at the time of the Scheduling Conference, but did not raise the issue until nearly two months after the PTO issued a Notice of Allowance. [#111] at 10-11. Defendant avers that Plaintiff made an improper tactical decision to withhold its motion until receiving Defendant's noninfringement and invalidity contentions. *Id.* at 10.

In Reply, Plaintiff explains that it submitted the instant Motion thirty days after the '909 Patent issued, which is a reasonable delay. [#113] at 6. Plaintiff contends that it had no right to assert the '909 Patent before that date, and did not have a duty to previously disclose that the '909 Patent was pending. *Id.* Plaintiff alleges that Defendant "was aware of [its] intention to seek leave to assert the '909 Patent in this litigation before [Defendant] disclosed its noninfringement and invalidity arguments," and Defendant chose to serve its disclosures anyway. *Id.* at 7.

As aptly stated by the *Ameritek* court, "absent prejudice, the mere fact that an amendment is offered late in a case is not enough to bar it." 891 F. Supp. at 255. This case is not in its "late" stages, the Court has determined that permitting amendment will not unduly prejudice Defendant, and the Court does not agree that waiting one month after the issuance of the '909 Patent, even with prior knowledge that the patent would issue, demonstrates a lack of diligence by Plaintiff. Therefore, the Court rejects this argument,

7

as well as Defendant's assertions of undue prejudice and delay.

### C. Futility

An amendment is futile if it would not survive a motion to dismiss. *Innovatier, Inc. v. CardXX, Inc.*, No. 08-cv-00273-PAB-KLM, 2010 WL 148285, at *2 (D. Colo. Jan. 8, 2010) (citing *Bradley v. Val-Mejias*, 379 F.3d 892, 901 (10th Cir. 2004)). Defendant suggests that Plaintiff's proposed amendment would be futile, because the proposed amendment does not identify any of Defendant's products with specificity, and would therefore not withstand a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). [#111] at 12-14. Plaintiff contends that Defendant is attempting to impose a heightened pleading standard on Plaintiff, when patent courts "have specifically rejected a heightening of the pleading requirements for direct patent infringement." [#113] at 8 (citing *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1335 (Fed. Cir. 2012)).

The Federal Circuit in *In re Bill of Lading Transmission & Processing System Patent Litigation* clarified that in order for a complaint to "adequately plead direct infringement[, it] is to be measured by the specificity required by Form 18." 681 F.3d at 1334. Form 18 is the sample complaint for direct patent infringement in the Appendix of Forms to the Federal Rules of Civil Procedure. *Id.* Form 18 requires a statement of the following elements (as correctly set forth by Defendant in its Response):

> (1) an allegation of jurisdiction; (2) a statement that the plaintiff owns the patent; (3) a statement that defendant has been infringing the patent 'by making, selling, and using [the device] embodying the patent'; (4) a statement that the plaintiff has given the defendant notice of its infringement; and (5) a demand for an injunction and damages.

*Id.* (citation omitted); *see also* [#111] at 13.

Review of Form 18 demonstrates to the Court that the Form contemplates the

identification of a specific product or type of product, as the example in Form 18 is "electric motor." See Fed. R. Civ. P. Form 18. Further, the Federal Circuit opined that "[t]he Forms are controlling only for causes of action for which there are sample pleadings," and "Form 18 should be strictly construed as measuring only the sufficiency of allegations of direct infringement, and not indirect infringement." 681 F.3d at 1336 (applying standard set forth in *Twombly* and *Iqbal* to indirect infringement allegations).

Plaintiff's proposed First Amended Complaint does not identify with any specificity Defendant's product, service, or type of product or service (other than the broad descriptor of "computer") that allegedly infringes the '773 and '909 Patents. See [#106-1]. Moreover, Plaintiff alleges that Defendant committed indirect induced and contributory infringement, in addition to direct infringement. See *id.* at 5, ¶¶ 29-30; 6, ¶¶ 34-35.

In the circumstances at hand, the Court will not deny leave to amend on the basis of futility. *Cf., e.g.*, *McKinney v. Okla.*, 925 F.2d 363, 365 (10th Cir.1 991) ("[T]he preferred practice is to accord a plaintiff notice and an opportunity to amend his complaint before acting upon a motion to dismiss for failure to state a claim[.]"). The Court will permit Plaintiff leave to file a First Amended Complaint; however, in light of the above-described shortcomings, Plaintiff must revise its proposed pleading to comply with the pleading standards set forth by the Federal Circuit in *In re Bill of Lading Transmission & Processing System Patent Litigation*, as referred to herein.

### III.    Conclusion

Accordingly,

IT IS HEREBY **ORDERED** that Plaintiff zvelo, Inc.'s Expedited Motion for Leave to Amend Complaint to Assert Related Patent and to Amend Scheduling Order in a Patent

Case [#106] is **GRANTED IN PART** as follows. Plaintiff is granted leave to file a First Amended Complaint that includes infringement allegations related to the '909 patent (in addition to the '773 Patent). Plaintiff must file a renewed First Amended Complaint that meets the pleading standards set forth by the Federal Circuit in *In re Bill of Lading Transmission & Processing System Patent Litigation*, as described herein, on or before **July 23, 2012**.

IT IS FURTHER **ORDERED** that the parties shall submit a joint proposed Amended Scheduling Order in a Patent Case on or before **July 31, 2012**. All presently pending deadlines are **held in abeyance** until further order of the Court.

Dated: July 12, 2012

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge